Brent et al. vs. City et al.

## No. 10,366.

### J. L. BRENT ET AL. VS. CITY OF NEW ORLEANS ET AL.

1. The assessment of taxes against the adjudicatee of a confiscated property during his tenure thereof is legal and valid. He reaps the fruits and should bear the burdens.
2. At the death of the confiscatee, his heirs take the property free from taxes under Act 10 of 1886, and are entitled to have the inscriptions thereof as mortgages and privileges erased in so far as they affect the confiscated property: but the assessment stands as against the adjudicatee.
3. Where the original owner has purchased the estate of the adjudicatee at a confiscation sale, he steps into the latter's shoes and is subject to the same rights and obligations.
4. At his death, his heirs, who have accepted his succession, succeed to his obligations, and while they may require the confiscated property to be released from taxes due and from resulting privileges and mortgages, they cannot demand that the assessment be annulled or escape from any obligations which rested on their *decujus* by reason thereof.

APPEAL from the Civil District Court for the Parish of Orleans. *Monroe*, J.

*Henry C. Miller* and *White & Saunders* for Plaintiffs and Appellees.

*W. B. Sommerville*, Assistant City Attorney, for Defendants and Appellants.

The opinion of the Court was delivered by

FENNER, J.   Article 57 of the Constitution provides that " the heirs to confiscated property may be released of all taxes due thereon at the date of its reversion to them."

Act No. 10 of 1886 declares :   "All taxes, State, parochial and municipal, due on property which may have been confiscated by the United States, shall, at the date of its reversion, be released to the heirs of the parties who suffered the confiscation."

The late Duncan F. Kenner was, at the time of the late war between the States, the owner of certain property in this city.   The property was libelled and condemned to confiscation, and was adjudicated to L. M. Day, who entered into possession thereof.   After the war, Duncan F. Kenner purchased the interest of Day in the property and re-entered into possession.   The property was thereafter taxed in the name of Kenner.   It was so taxed by the city of New Orleans for the year 1887, and the taxes were duly inscribed as liens and mortgages on the property according to law.

Kenner died on July 3d, 1887, and his heirs re-entered into possession of the property.

They bring the present action under the Act of 1886, and have recovered a judgment decreeing "that the assessments for the year 1887 for taxes due the State of Louisiana and the city of New Orleans on the property described, are null and void and of no effect, and that the inscriptions thereof as mortgages and privileges against the above described property be erased and cancelled."

From this judgment the city appeals. The case involves and requires some nice distinctions.

In the learned commentary of Toullier it is said that the word *persona*, in its primitive sense, was applied to the masks worn by the actors in the dramatic performances of Rome and Greece, which masks were made to represent the character which the actor performed; and he says that, in the same sense, it was subsequently employed in jurisprudence to signify the *rôle* or *status* which a man fills in the social organization. Thus the same man may, at different times, and even at the same time, represent different *persons* or *rôles*; as, in his youth he presents the *person* of a minor, and, after his maturity, that of a major, each having different qualities, rights and obligations.

Now, in this case, we must consider Duncan F. Kenner as representing two distinct *persons* : one, that of the confiscatee of this property; the other, that of the purchaser from, and assignee of L. M. Day.

As against Kenner, the confiscatee, and as against *his* heirs, the assessment of this property was, and remains, null, void and of no effect; but as against Kenner, the purchaser and assignee of Day and as against *his* heirs as such, the assessment was and remains perfectly valid and legal.

If Day had retained his title and remained in possession, the heirs of Kenner would, undoubtedly, under the law, take the property free from any taxes which had been assessed against it in the name of Day, and would have been entitled to demand the erasure of all inscriptions importing an incumbrance on the property; but under what law could Day or Day's heirs have claimed the nullity of the assessments validly made against him, or release from any obligations resulting from such assessment?

This indicates precisely the rule which must be applied in the solution of the questions here presented.

The plaintiffs take and hold the property solely in their capacity as heirs of Kenner, the confiscatee, and released from all taxes due thereon, and they are entitled to demand the erasure of all inscriptions purporting to encumber the property for such taxes; but they have no right to claim the nullity of the assessment made in the name of Kenner, the

assignee of Day, any more than they would have had, if the assessment had been made against Day himself.

The Act of 1886 was never intended to release the purchaser at a confiscation sale from taxes assessed in his name against the property during his tenure. As he enjoys the fruits of the property, it is just that he should bear its burdens. As assignee of Day, Kenner stepped into his shoes, and his rights and obligations are identically the same. The plaintiffs, having accepted his succession, succeed to his obligations whatever they may be.

These views necessitate a change of the judgment, in favor of the city of New Orleans, which is the sole appellant.

Plaintiffs' demand to have the assessment declared null, void and of no effect must be rejected; but they are entitled to have the inscriptions thereof as mortgages and privileges erased and cancelled in so far as they affect the confiscated property.

It is, therefore, adjudged and decreed that the judgment appealed from be amended by striking out that portion thereof which decrees the assessments for 1887 to be null, void and of no effect, and that, as thus amended, the same be now affirmed, plaintiffs to pay costs of appeal.